**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                          Criminal No. 08-cr-132-01-SM

<u>Shawn McGrath</u>

**O R D E R**

On November 15, 2011, the defendant appeared for both a bail revocation hearing pursuant to 18 U.S.C. § 3148, and an initial appearance on a superceding petition charging six violations of supervised release (doc. no. 22). Defendant is on release from his April 10, 2009, conviction for False Representation of a Social Security Number.

The original petition contained five separate allegations that defendant committed the crime of illegal possession and use of controlled drugs (doc. no. 13). At defendant's bail hearing on the original petition, the court ordered the defendant detained until he could be released into an inpatient drug treatment facility. On October 31, 2011, defendant was released into the Phoenix House program. Defendant did not dispute that, on November 11, 2011, he was unsuccessfully discharged from the Phoenix House for violating program rules. Apparently, defendant was seen by Phoenix House staff listening to (or

appearing to listen to) a confidential therapy session. Defendant did not dispute that he had violated the program's strict rules regarding confidentiality.

The superceding petition adds one charge stemming from defendant's unsuccessful discharge from Phoenix House. The charge underlying the government's request for bail revocation stems from the same set of facts. Defendant conceded the government had evidence sufficient to establish its burden under U.S.C. § 3148(b)(1), but contested bail revocation under § 3148(b)(2). Likewise, the defendant waived a probable cause determination on the new supervised release charge and argued for release under Fed. R. Crim. P. 32.1. Thus, the only question before the court was whether to release the defendant.

The hearing proceeded by offers of proof. Following the hearing, the court issued its ruling orally from the bench and explained in detail the bases for the court's decision to detain the defendant. For all of the reasons stated on the record, and based on the arguments of counsel, the court found that defendant is unlikely to abide by any condition or combination of conditions of release, 18 U.S.C. § 3148(a)(2)(B), and that revocation of bail is warranted. The conditions of release are therefore revoked.

Accordingly, it is **ORDERED** that the defendant be detained. The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

                                        _____
                                        Landya B. McCafferty
                                        United States Magistrate Judge

Date:  November 17, 2011

cc:  Bjorn Lange, Esq.
     Alfred J.T. Rubega, Esq.
     U.S. Probation
     U.S. Marshal